# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TRAVIS R. MCPEEK,

    Plaintiff,

vs.

PAUL KLOCKER, JEFF TEBRINK, KAYLA WILLIS, BRITANNY HEDUM, C.O. DAWN, C.O. JOEL, SCOTT ALLEN,

    Defendants.

No. C13-0086-LRR

ORDER

---

The matter before the court is the defendants' motion for summary judgment (docket no. 19). The defendants filed such motion on August 26, 2014.

The plaintiff's resistance and supporting documents were due on September 19, 2014. *See* LR 56.b. To date, the plaintiff has not resisted the motion for summary judgment, and he neither requested an extension of the filing deadline nor contacted the court. The Local Rules provide that,

> [i]f no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

LR 56.c. Furthermore, because he never submitted a resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the statement of undisputed material facts that the defendants attached to their motion for summary judgment. *See* LR 56.b.2. The plaintiff's failure to file any response to the defendants' statement of undisputed material facts constitutes an admission of each of these facts. *See* LR 56.b.; *accord* Fed. R. Civ. P. 56(e)(2). In light of the plaintiff's admission of the facts included in the defendants' statement of undisputed material facts and the plaintiff's failure to come

forward with any evidence, the court concludes that the defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(2)-(4) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion, . . . grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to it . . . or . . . issue any other appropriate order"); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment . . . stands unopposed, the . . . court must still determine that the moving party is entitled to judgment as a matter of law . . . .").

The court reviewed the plaintiff's pleadings, the law that is applicable to the plaintiff's claims and the statement of undisputed material facts which are deemed admitted by the plaintiff. Based on such review, the court finds that the plaintiff merely rested on unsubstantiated allegations and the defendants are entitled to judgment as a matter of law with respect to all of the plaintiff's claims. More specifically, the plaintiff is unable to withstand summary judgment for the following reasons:

> (1) the alleged excessive force claim fails because the plaintiff did not exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington v. Uner*, 273 F. App'x 575, 576-77 (8th Cir. 2008) (per curiam) (applying § 1997e(a)), the evidence does not satisfy the legal standard under the Eighth Amendment, *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (stating that the threshold is not "whether a certain quantum of injury was sustained" but rather the character and intended function of the force used); *id.* at 38 (stating that force that causes no discernable injury almost certainly fails to state a valid excessive force claim); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) ("When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a

2

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992))); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1033 (8th Cir 2012) (concluding that excessive force claim failed because no evidence supported any long-term or permanent physical injury), and the defendants are entitled to qualified immunity, *see Plumhoff v. Rickard*, ___ U.S. ___, ___, 134 S. Ct. 2012, 2022-23 (2014) (emphasizing that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (stating that qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law");

(2) the alleged pat down search claim is insufficient because the evidence establishes that the defendants acted pursuant to a legitimate concern for maintaining prison security, *see Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998) (concluding that plaintiff failed to demonstrate that unwelcome touches amounted to unnecessary and wanton infliction of pain); *Frietas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) (finding that the alleged harassment did not constitute the type of pain forbidden by the Eighth Amendment); *Timm v. Gunter*, 917 F.2d 1093, 1100-01 (8th Cir. 1990) (finding that opposite-sex pat searches do not violate an inmate's constitutional rights in light of security interests and equal employment interests); *Franklin v. Lockhart*, 883 F.2d 654, 656-57 (8th Cir. 1989) (concluding that searches do not violate either the Eighth Amendment or the Fourth Amendment); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (finding that inmate stated a constitutional sexual harassment claim), the record does not establish that it would have been clear to a reasonable officer that the defendants' conduct was unlawful in the situation that they confronted, *see Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (holding that defendant was entitled to qualified immunity because cases did not clearly establish that his conduct violated the Fourth Amendment), and the plaintiff did not suffer a physical injury, *see* 42 U.S.C. § 1997e(e); *see also Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir.

2011) (discussing the availability of compensatory and punitive damages); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners);

(3) the visual surveillance claim is deficient because the evidence shows that the defendants' reasonable use of video cameras promotes the security interests of jailers and inmates, *see Garrett v. Thaler*, 560 F. App'x 375, 380-81 (5th Cir. 2014) (per curiam) (holding that use of surveillance cameras by all guards increases overall security of the prison); *Beaulieu*, 690 F.3d at 1043 (finding that no cognizable privacy claim existed in light of legitimate institutional concern); *United States v. Hogan*, 539 F.3d 916, 923 (8th Cir. 2008) (concluding that detainees do not have a reasonable expectation of privacy in their jail cells); *Timm*, 917 F.2d at 1101-02 (explaining that constant visual surveillance by guards of both sexes is a reasonable and necessary measure to promote inmate security), the defendants are entitled to qualified immunity, *see Hill v. McKinley*, 311 F.3d 899, 903-04 (8th Cir. 2002) (concluding that defendants were entitled to qualified immunity because their actions did not violate clearly established law), and the plaintiff did not suffer a physical injury, *see* 42 U.S.C. § 1997e(e); *see also Williams*, 662 F.3d at 1011-12 (discussing the availability of compensatory and punitive damages); *Royal*, 375 F.3d at 723 (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners);

(4) the legal mail claim fails because the opening of non-privileged mail is justified by considerations underlying the penal system, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (stating that mail from an inmate's attorney must be opened in the inmate's presence); *Beaulieu*, 690 F.3d at 1037 (reiterating that an inmate must demonstrate that he suffered prejudice from the inadvertent opening of legal mail); *Moore v. Rowley*, 126 F. App'x 759, 760 (8th Cir. 2005) (per curiam) (discussing prison's mail policy); *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (concluding that mail was not "legal mail"), and the defendants are entitled to qualified

4

immunity, *see Plumhoff*, ___ U.S. at ___, 134 S. Ct. at 2022-23 (emphasizing that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it");

(5) the harassment claim is inadequate because the plaintiff did not exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a); *see also Porter*, 534 U.S. at 524 (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington*, 273 F. App'x at 576-77 (applying § 1997e(a)), a directive to clean a dirty cell does not violate any constitutional provision, *see Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (noting that prisoner retains constitutional remedy for "calculated harassment unrelated to prison needs"); *Sanchez v. Earls*, 534 F. App'x 577, 579 (8th Cir. 2013) (per curiam) (concluding that no constitutional violation occurred because inmate did not experience atypical and significant hardship in relation to the ordinary incidents of prison life, inmate did not show that he was treated differently than similarly situated inmates and inmate failed to allege facts suggesting he was deprived of minimal life necessities), the defense of qualified immunity is applicable, *see Plumhoff*, ___ U.S. at ___, 134 S. Ct. at 2022-23 (emphasizing that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"), and the plaintiff did not suffer a physical injury, *see* 42 U.S.C. § 1997e(e); *see also Williams*, 662 F.3d at 1011-12 (discussing the availability of compensatory and punitive damages); *Royal*, 375 F.3d at 723 (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners);

(6) the cell location and cell amenities claim fails because the plaintiff never complained to medical personnel that he needed a thicker mattress or sought a medical restriction that limited him to the first floor, *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (stating that proper exhaustion of administrative

remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" (quoting *Porter*, 534 U.S. at 525)), the plaintiff does not have a disability, injury or condition that limits his living arrangements, *see Sanchez*, 534 F. App'x at 579 (concluding that no constitutional violation occurred because inmate did not experience atypical and significant hardship in relation to the ordinary incidents of prison life, inmate did not show that he was treated differently than similarly situated inmates and inmate failed to allege facts suggesting he was deprived of minimal life necessities), the defendants are entitled to qualified immunity, *see Plumhoff*, ___ U.S. at ___, 134 S. Ct. at 2022-23 (emphasizing that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"), and the plaintiff did not suffer a physical injury, *see* 42 U.S.C. § 1997e(e); *see also Williams*, 662 F.3d at 1011-12 (discussing the availability of compensatory and punitive damages); *Royal*, 375 F.3d at 723 (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners);

(7) the medical care claim fails because no evidence establishes that the defendants deliberately disregarded the plaintiff's medical needs when prescribing Zoloft rather than Cymbalta, *see Hudson*, 503 U.S. at 9 (stating that "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'" (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976))); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing the case as frivolous because it is clear that "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action."); *Dulany v. Carnahan*, 132 F.3d 1234, 1239-44 (8th Cir. 1997) (making clear that an inmate's disagreement or displeasure with his course of medical treatment is not

actionable under 42 U.S.C. § 1983), the defendants are entitled to qualified immunity in light of the medical care that they provided, *see Plumhoff*, ___ U.S. at ___, 134 S. Ct. at 2022-23 (emphasizing that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"), and the plaintiff did not suffer a physical injury, *see* 42 U.S.C. § 1997e(e); *see also Williams*, 662 F.3d at 1011-12 (discussing the availability of compensatory and punitive damages); *Royal*, 375 F.3d at 723 (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners); and

(8) the state law false imprisonment claim is lacking because the validity of the plaintiff's confinement is not in doubt, *see Nelson v. Winnebago Indus.*, 619 N.W.2d 385, 388 (Iowa 2000) (discussing elements of a false imprisonment claim) (citing *Valadez v. City of Des Moines*, 324 N.W.2d 475, 477 (Iowa 1982)); *Johannsen v. Steuart*, 152 N.W.2d 202, 204 (Iowa 1967) (explaining that false imprisonment claim does not arise if defendant properly took charge and custody of the plaintiff after he was lawfully committed).

In sum, the record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether: (1) all available administrative remedies were properly exhausted, (2) a violation of a constitutional right or state right occurred, (3) the defense of qualified immunity protects the defendants from liability and (4) the requisite injury was sustained. Given the undisputed material facts, it is appropriate to enter judgment in favor of the defendants.

**IT IS THEREFORE ORDERED:**

(1) The motion for summary judgment (docket no. 19) is granted.

(2) The clerk's office is directed to enter judgment in favor of the defendants.

(3)    The clerk's office is directed to close this case.

**DATED** this 17th day of February, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA